UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 1:22-CR-124-TWP-MJD |
| ARNOLD CASTILLO, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and, Tiffany J. Preston, Assistant United States Attorney ("the Government"), and the defendant, Arnold Castillo ("the defendant"), in person and by counsel, Gwendolyn Beitz, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### Guilty Plea and Charge(s)

**1.     Plea of Guilty:** The defendant hereby petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offenses charged in the Indictment:

**a.**     Count One, which charges that the defendant committed the offense of Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, in violation of Title 18, United States Code, Sections 2423(a) and (e) & 2.

**b.**     Count Two, which charges that the defendant committed the offense of Coercion and Enticement of a Minor and Attempt, in violation of Title 18 U.S.C. § 2422(b).

2.    **Potential Maximum Penalties**: Count One is punishable by a maximum sentence of Life imprisonment, a $250,000 fine, and a period of a Lifetime of supervised release following any term of imprisonment.   Count One has a mandatory minimum sentence of 10 years' imprisonment.   Count Two is punishable by a maximum sentence of Life imprisonment, a $250,000 fine, and a period of a Lifetime of supervised release following any term of imprisonment. Count Two has a mandatory minimum sentence of 10 years' imprisonment.

3.    **Elements of the Offense:**   To sustain the offenses to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

Count One:

    **a.**    The defendant knowingly transported Minor Victim 1 in interstate commerce; and

    **b.**    Minor Victim 1 was less than eighteen years of age at the time; and

    **c.**    The defendant intended that Minor Victim 1 engage in sexual activity which if it had occurred the defendant would have committed the criminal offense of Sexual Misconduct with a Minor (IC 35-42-4-9 (a) and (1)) or the New Jersey law prohibiting aggravated sexual assault of a minor under the age of 16. (NJ Rev. Stat Sec. 2C:14-2).

Count Two:

    **a.**    The defendant used a facility or means of interstate commerce to knowingly persuade, induce, entice, coerce Minor Victim 1 to engage in sexual activity; and

    **b.**    Minor Victim 1 was less than 18 years of age; and

    **c.**    The defendant believed Minor Victim 1 was less than 18 years of age; and

**d.**     If the sexual activity had occurred, the defendant would have committed the criminal offense of prohibiting Sexual Misconduct with a Minor (IC 35-42-4-9 (a) and (1)), or the New Jersey law prohibiting aggravated sexual assault of a minor under the age of 16. (NJ Rev. Stat Sec. 2C:14-2).

### General Provisions

4.     **Sentencing Court's Discretion Within Statutory Range:** The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

5.     **Sentencing Court Not Bound by Guidelines or Recommendations:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory

3

sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6.  **Plea Agreement Based on Information Presently Known:**  The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government.  The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

7.  **No Protection From Prosecution for Unknown or Subsequent Offenses:**  The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time.  The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

8.  **Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the

proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

## Sentence of Imprisonment

9.     **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

a.     **Government's Recommendation:**     The Government has agreed to recommend a sentence within the applicable Sentencing Guidelines Range as calculated by the Court at the time of sentencing, provided that the defendant (i) continues to fully accept responsibility for the offense, (ii) does not commit a new criminal offense before the date of any sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

b.     **Defendant's Recommendation:** The defendant understands that he is free to recommend any sentence, but understands that he may not be sentenced below the mandatory minimum sentence of 10 years' imprisonment.

10.     **Placement:** The defendant requests that this Court recommend to the Federal Bureau of Prisons that the defendant serve any sentence of imprisonment imposed in this case at

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

an institution named by the defendant at the time of sentencing. The defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons. The Government does not object to the defendant's requested recommendation.

11.     **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

12.     **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

<strong>Monetary Provisions and Forfeiture</strong>

13.     **Mandatory Special Assessment:** The defendant will pay a total of $200 assessment on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

14.     **Fine:** The Government agrees that it will not ask for the Court to impose a fine. Notwithstanding the Government's position, the defendant understands that whether a fine is to be imposed, and the amount and payment terms of any such fine, shall be determined by the Court.

15.     **Restitution:** The parties understand and agree that federal law requires the payment of restitution to the minor victim in the offenses charged in the Indictment, who was the victim in Counts One and Two. The defendant agrees to pay Minor Victim 1, as identified in the stipulated

factual basis below, $10,000 for the harm he proximately caused to Minor Victim 1 as a result of his criminal offenses.

16.    **Payment Terms:** The parties understand that the Court will determine the payment terms for any restitution.

17.    **Other Claims:** Nothing in this agreement prevents any identified or unidentified victim who is entitled to restitution under the law from seeking additional restitution if they choose to do so.  However, at the present time, the United States does not have any such victims presently identified.  Pursuant to Title 18, United States Code, Section 3663(a)(3), the defendant agrees that he will make restitution to any minor victims that were depicted in the child pornography within the defendant's online accounts and on his devices in the amount of at least $3,000 per victim. This includes all victims in the material he possessed.  These funds are intended to allow these victims to obtain counseling, support, treatment, or other assistance related to their victimization. The Defendant also agrees that any restitution ordered by the Court shall not be dischargeable in any bankruptcy proceeding, and the Defendant will not seek or cause to be sought a discharge or a finding of dischargeability of the restitution obligation.  The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

18.    **JVTA Special Assessments for offenses committed after December 7, 2018:** The Government agrees that the Defendant is indigent and will not ask for a JVTA Special Assessment under Title 18, United States Code, Section 3014.

19.   **Disbursement of payments**:   Any money received from a Defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence:

    **a.**   A special assessment under 18 U.S.C. §3013.

    **b.**   Restitution to Minor Victim 1 and restitution to any victim in the images and videos recovered from Castillo's devices and online accounts provided the victim is a minor victim whose images and videos depict sexually explicit conduct.

    **c.**   Any other amount imposed under section of Title 18 of the United States Code, including any JVTA assessment under 18 U.S.C. § 3014.

    **d.**   All other fines, penalties, costs, and other payments required under the sentence.

    **e.**   The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change.   In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

20.   **Obligation to Pay Financial Component of Sentence**: If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release. The defendant has a continuing obligation to pay the financial component of the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases

requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

21.    Defendant understands that any forfeiture order entered by the court is mandatory and is a part of defendant's sentence. Defendant stipulates and agrees to the immediate entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), against Defendant, directly forfeiting each of the following property items, which the parties stipulate and agree:

any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

22.    Defendant acknowledges and agrees that any and all property in which Defendant has an interest, and that are not already subject to direct forfeiture, are subject to forfeiture as substitute assets under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461.

23.    Defendant agrees not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the conduct described in the Indictment/Information filed in this case. Defendant waives any right to receive any notices or

9

pleadings filed in any forfeiture action related to the conduct described in the Indictment/Information and agrees that a default or final judgment of forfeiture may be entered against Defendant's interest without further notice to Defendant or Defendant's attorney.

24.     Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Indictment/Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture into the judgment. Defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture. Defendant waives the right to be informed of any potential forfeiture at the time Defendant's guilty plea is accepted, pursuant to Rule 11(b)(1)(J).

25.     This Court shall retain jurisdiction to settle any disputes arising from application of this cause. Defendant agrees that forfeiture of substitute assets, as authorized in this Plea Agreement and by 21 U.S.C. § 853(p), shall not be deemed an alteration of Defendant's sentence and that forfeiture of the assets described above shall not be treated as satisfaction of any restitution, fine, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

26.     Defendant hereby waives any and all constitutional and statutory challenges he could raise on any ground and in any manner (including by direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement, including any argument that the forfeiture constitutes an excessive fine or punishment.

27.     **Abandonment**: If any of the property is not forfeited, the Defendant abandons all right, title, and interest the Defendant may have in the property so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or

obligation whatsoever owing to the Defendant. The Defendant consents to the vesting of title to the listed property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. Defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of the property. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property. Defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

### Factual Basis for Guilty Plea

28.    The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea of guilty to the offenses set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

ARNOLD CASTILLO ("CASTILLO") was a resident of Paterson, New Jersey. Minor Victim 1 was a resident of Marion County, which is in the Southern District of Indiana. Minor Victim 1 was born in 2006. CASTILLO knew that Minor Victim 1 was fifteen years' old at the time he committed the offenses of conviction. CASTILLO further knew that Minor Victim 1 was a vulnerable victim, and used the information he knew about her mental state to facilitate the commission of this offense.

11

Beginning in at least January 2022, and continuing until on or about May 11, 2022, CASTILLO communicated with Minor Victim 1 via social media and gaming applications such as Instagram, Roblox, and Discord. Instagram, Roblox, and Discord are facilities of interstate commerce. During their conversations, CASTILLO engaged in grooming behaviors, such as buying Minor Victim 1's anime that she had posted online using CashApp, and buying other items on Amazon which he delivered to her in Indiana. CashApp and Amazon are facilities of interstate commerce.

CASTILLO also knowingly misrepresented his identity to facilitate the commission of the offenses in that he used a false name in his online conversations with Minor Victim 1 and her mother, to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct. More specifically, CASTILLO claimed his name was Jacob Shedletsky" and "Jadon Shedletsky, and intentionally led Minor Victim 1 and others online to believe that he had the ability to connect them to employment opportunities in the online gaming industry.

CASTILLO also used Instagram and Discord to engage in sexually explicit conversations with Minor Victim 1. For example, between on or about February 10, 2022, and February 18, 2022, CASTILLO discussed showering with Minor Victim 1, and that he wanted to "make love to [Minor Victim 1] and have kids" with her. On or about March 14, 2022, Minor Victim 1 asked CASTILLO what it will sound like when they have sex, and CASTILLO said he "grunts" and that she will find out soon. Later in March, CASTILLO then discussed "fingering" Minor Victim 1's vagina and wanting to "explore" her body. CASTILLO also discussed oral sex, and referred to Minor Victim 1's vagina as his "kitty." On or about March 24, 2022, Minor Victim 1 told CASTILLO that she did not know how to have sex, and CASTILLO responded that it was

"instinctual." CASTILLO told Minor Victim 1 that they could experiment if she wanted to, but that he would "lead since [he] had the experience."

Between April 7, 2022, and April 12, 2022, CASTILLO purchased and attempted to have Amazon deliver a Huion Artist Glove for Drawing Tablet, a Max Smart Tablet Drawing Stand, and a Wacom Mobile Studio Pro 13 Windows 10 computer to Minor Victim 1 at her residence.

On or about April 13, 2022, CASTILLO told Minor Victim 1 that "Sex is a beautiful thing". On April 17, 2022, the two discussed having sex. During this conversation, CASTILLO discussed Minor Victim 1's "hymen," stating "Now I just need to make you a woman in the bedroom." On or about April 25, 2022, Minor Victim 1 stated that she wanted to run away from home. CASTILLO replied, "I did all the setup already," and, "I want to see you really badly, the only way this is going to work is if you listen to me." He added, "You want to get away from that shit hole right?"

On or about April 27, 2022, Minor Victim 1 told CASTILLO that she might be too young for intimacy with CASTILLO. CASTILLO responded, "you're not," and added that they could "take as long as [Minor Victim 1] needs." CASTILLO told Minor Victim 1, "I want to come for you," and Minor Victim 1 asked CASTILLO to "deflower" her. CASTILLO responded, "I will sweetheart."

During these conversations, CASTILLO and Minor Victim 1 discussed their plans for CASTILLO to arrange for Minor Victim 1 to travel from Indiana to CASTILLO in New Jersey so that they could be together and engage in sexual activity. On or about May 2, 2022, CASTILLO told Minor Victim 1 that he looked forward to seeing her "tomorrow" and asked her if she "cleaned [her vagina] well." CASTILLO told Minor Victim 1 that he intended to "[mess] with" her vagina, and turn it "into an open rose bud just waiting for [him] to deflower it."

13

Sometime between April and May 2022, CASTILLO used the Uber application to contact drivers in an attempt to hire a driver to transport Minor Victim 1 from Indiana to New Jersey. CASTILLO located a willing driver, and communicated with the driver on the Uber application, and then off the platform and via direct messaging. CASTILLO arranged to pay the driver to pick up Minor Victim 1 from her residence in Marion County, Indiana, and drive her to Paterson, New Jersey. On or about May 2, 2022, Minor Victim 1 posted on her Instagram page, "Goodbye Indiana." Between on or about May 3, 2022, and May 4, 2022, the driver transported Minor Victim 1 from her home in Indiana, to CASTILLO in Paterson, New Jersey. CASTILLO then paid the driver for transporting Minor Victim 1.

Accordingly, CASTILLO admits that between on or about May 3, 2022, and May 4, 2022, CASTILLO knowingly had Minor Victim 1 transported from Indiana to New Jersey for the purpose of engaging in in any sexual activity for which any person can be charged with a criminal offense, specifically, Sexual Misconduct with a Minor under Indiana law (IC 35-42-4-9 (a) and (1)), and Aggravated Sexual Assault of a Minor under the Age of 16 under New Jersey law (NJ Rev. Stat Sec. 2C:14-2). CASTILLO further admits that he knew that Minor Victim 1's parent was unaware that he was transporting Minor Victim 1, and would not have consented to same. CASTILLO further admits to using a facility of interstate commerce, namely, Instagram, Discord, text messaging, Uber, and CashApp to facilitate her transportation across state lines for the purpose of engaging in criminal sexual activity.

Upon Minor Victim 1's arrival to CASTILLO's residence in Paterson, New Jersey, CASTILLO engaged in sexual intercourse, including vaginal and oral sex with Minor Victim 1. CASTILLO further admits to using the Uber application to have others purchase or attempt to purchase the "Plan B" pill for Minor Victim 1 to prevent her from becoming pregnant. CASTILLO

admits that he kept Minor Victim 1 in his care, custody, and control in a small room located adjacent to his residence, and controlled her movements in and out of the room. CASTILLO also controlled her access to food and basic necessities, and knew that Minor Victim 1 had no financial resources and no ability to travel back to Indiana. Accordingly, CASTILLO admits that he used a facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, and coerce, and attempt to knowingly persuade, induce, entice, and coerce, Minor Victim 1, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, including but not limited to vaginal intercourse with a child who was fifteen years' old.

CASTILLO knowingly obstructed justice when he lied to law enforcement about Minor Victim 1's whereabouts. Namely, on or about May 5, 2022, and while Minor Victim 1 was living with CASTILLO in New Jersey, CASTILLO, using an alias, spoke to law enforcement officers over the phone who were searching for Minor Victim 1. During that conversation, CASTILLO falsely stated to law enforcement officers that he was from California. When asked about Minor Victim 1's whereabouts, CASTILLO intentionally lied to law enforcement, and stated that she must have run away due to issues with family or from "other people bothering her." CASTILLO also falsely told law enforcement that he suspected that Minor Victim 1 "may have run away on a whim" due to her "emotional outbursts." He acknowledged sending Minor Victim 1 items through the mail using Amazon, and forwarded detectives copies of the transactions. But when asked why his billing address was in New Jersey, CASTILLO falsely responded that the person who conducts his transactions for him was an associate who lived there. CASTILLO intentionally obstructed justice and failed to disclose to officers that Minor Victim 1 had not runaway, but in fact, that

CASTILLO had Minor Victim 1 transported to New Jersey, and that she was in his care, custody and control so that he could engaged in criminal sexual acts with her.

On or about May 11, 2022, at least eight days after Minor Victim 1 was reported missing by her mother, and seven days after she arrived in New Jersey, federal agents recovered Minor Victim 1 from CASTILLO as they were walking in front of his residence in Paterson, New Jersey. CASTILLO admits that he possessed several unopened condoms in his pocket.

CASTILLO, having been read and advised of his rights and acknowledging them orally and in writing in an audio and video recorded interview, confessed that he used private messenger applications to chat with Minor Victim 1 about conducting sexual acts together knowing that she was fifteen years' old.   CASTILLO further admitted to using online applications to plan their shared intention for her to travel from Indiana to New Jersey in order to be with him romantically. CASTILLO admitted to using CashApp to pay an Uber driver to pick up Minor Victim 1 from Indianapolis and bring her to Paterson, New Jersey on or about May 3, 2022. CASTILLO explained that he found a driver willing to make this trip and paid the driver $500 prior to his departure from New Jersey. Upon the driver's arrival with Minor Victim 1 in the early morning hours of May 4, 2022, CASTILLO paid the driver an additional $500 in cash for the ride. Following this, CASTILLO admitting to having vaginal intercourse with Minor Victim 1 four times over the course of the week that followed.

CASTILLO used false identities to communicate with Minor Victim 1 and law enforcement such as the names "Jacob Shedletsky" and "Jadon Shedletsky." CASTILLO knew that Minor Victim 1 was an unusually vulnerable victim because she told CASTILLO things that made that clear.

Accordingly, between on or about January 2022, and on or about May 11, 2022, within the Southern District of Indiana and elsewhere, the defendant, ARNOLD CASTILLO, (a/k/a "Jacob Shedletsky" a/k/a "Jadon Shedletsky"), knowingly had Minor Victim 1, an individual who had not attached the age of 18 years, transported in interstate commerce from Indiana to New Jersey with the intent that Minor Victim 1 engage in any sexual activity for which any person can be charged with a criminal offense, and aided and abetted others in so doing, in violation of Title 18, United States Code, Sections 2423(a) and (e) and 2.

Additionally, between on or about January 2022, and on or about May 11, 2022, within the Southern District of Indiana and elsewhere, the defendant, ARNOLD CASTILLO, (a/k/a "Jacob Shedletsky" a/k/a "Jadon Shedletsky"), did use a facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, and coerce, and attempt to knowingly persuade, induce, entice, and coerce, Minor Victim 1, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically, Sexual Misconduct with a Minor under Indiana law (IC 35-42-4-9 (a) and (1)), and Aggravated Sexual Assault of a Minor under the Age of 16 under New Jersey law (NJ Rev. Stat Sec. 2C:14-2), in violation of Title 18, United States Code, Section 2422(b).

## **Other Conditions**

**29.     Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

17

**30.   Good Behavior Requirement:**  The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

**31.   Compliance with Federal and State Laws:**  The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

<u>**Sentencing Guideline Stipulations**</u>

**32.   Guideline Computations:**   Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case.  The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.  The 2022 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

### <u>Chapter 2 Offense Conduct:</u>

A.  <u>Count 1- 18 U.S.C. § 2423(a) and (e) &2</u>

i.   The base offense level is **28** pursuant to 2G1.3(a)(3).

ii.   The base offense level is increased by **2** because the minor was otherwise in the custody, care, or supervisory control of the defendant.  2G1.3(b)(1)(B).

iii.   The base offense level is increased by **2** because the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or

18

facilitate the travel of, a minor to engage in prohibited sexual conduct. 2G1.3(b)(2).

iv.     The base offense level is increased by **2** because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct. 2G1.3(b)(3).

v.      The base offense level is increased by **2** because the offense involved the commission of a sex act or sexual contact. 2G1.3(b)(4)(A).

vi.     The base offense level is increased by **2** because the defendant knew or should have known that a victim of the offense was a vulnerable victim. 3A1.1(b)(1).

Subtotal: 38

B.  Count 2- 18 U.S.C. § 2422(b)

i.      The base offense level is **28** pursuant to 2G1.3(a)(3).

ii.     The base offense level is increased by **2** because the minor was otherwise in the custody, care, or supervisory control of the defendant. 2G1.3(b)(1)(B).

iii.    The base offense level is increased by **2** because the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct. 2G1.3(b)(2).

iv.     The base offense level is increased by **2** because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct. 2G1.3(b)(3).

v.   The base offense level is increased by **2** because the offense involved the commission of a sex act or sexual contact. 2G1.3(b)(4)(A).

vi.   The base offense level is increased by **2** because the defendant knew or should have known that a victim of the offense was a vulnerable victim. 3A1.1(b)(1).

Subtotal: **38**

**Chapter 3 Adjustments:**

A.  Multiple Counts

Pursuant to 3D1.1(a)(1) and 3D1.2, the Counts are grouped.

B.  Obstruction

Pursuant to Section 3C1.1, the subtotal is increased by 2 levels because the defendant obstructed or impeded the administration of justice.

Subtotal: **40**

C.  Acceptance of Responsibility (U.S.S.G. § 3E1.1)

To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct.  Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant should receive a two (2) level reduction provided the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1)

additional level.  The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

**Final Offense Level:  37**

## Waiver of Right to Appeal

**33.**  **Direct Appeal:**  The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  The defendant further expressly waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

**34.**  **Later Legal Challenges:**  Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, except as follows:

    **a.**  **Ineffective Assistance of Counsel:**  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

    **b.**  **Retroactive Sentencing Guidelines Reductions:**  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the

future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

c.      **Motions for Compassionate Release:**  As concerns the Section 3582 waiver, the defendant reserves the right to file motions seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i). Any such motion must be based on one or more "extraordinary and compelling reasons" set forth in U.S.S.G. § 1B1.13 and the governing interpretations of that provision and its application notes (or, in the event of amendment of that U.S.S.G. provision or the relevant application notes, the provision(s), if any, with the same effect at the time of the filing of the motion for sentence reduction). The defendant further agrees that under application note 1(D), as it appears in the 2018 Guidelines Manual, the defendant may assert only those reasons set forth in the relevant Bureau of Prisons program statement in effect at the time of the defendant's motion (currently Program Statement 5050.50). The government further reserves the right to oppose any motion for compassionate release on any other grounds.

**35.**      **No Appeal of Supervised Release Term and Conditions:**  The defendant waives the right to appeal the length and conditions of the period of supervised release.

## Presentence Investigation Report

**36.**     The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**37.**     The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

## Immigration Consequences

**38.**     The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty.  The defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

## Statement of the Defendant

**39.**     By signing this document, the defendant acknowledges the following:

    **a.**     I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the

Indictment/Information in open Court, and all further proceedings including my arraignment.

    **b.**    I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

    **c.**    I have read the entire Plea Agreement and discussed it with my attorney.

    **d.**    I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

    **e.**    Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

    **f.**    I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**g.**    I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

**h.**    I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

**i.**    I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**j.**    My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**k.**    My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

**l.**    If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or

rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Certificate of Counsel

40.    By signing this document, the defendant's attorney and counselor certifies as follows:

    **a.**    I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

    **b.**    To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

    **c.**    The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

    **d.**    In my opinion, the defendant's waiver of all reading of the Indictment in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

    **e.**    In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Final Provision

**41.     Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

5/23/2023
_____
DATE

_____ for
Tiffany J. Preston
Assistant United States Attorney

5.23.23
_____
DATE

_Kyle Sawa_
_____
Kyle M. Sawa
Chief, General Crimes Unit

05/15/23
_____
DATE

Arnold Castillo
_____
Arnold Castillo
Defendant

5/23/2023
_____
DATE

Gwendolyn M Beitz
_____
Gwendolyn Beitz
Counsel for Defendant